5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry G. GARCIA, Defendant-Appellant.
 No. 92-30402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CR-92-021-01-PGH, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before: WALLACE, Chief Judge, and BOOCHEVER and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Garcia was convicted of possessing cocaine and marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Garcia raises two issues in this appeal. First, he contends that the district judge should have recused himself, pursuant to 28 U.S.C. Sec. 455(b)(1), because he had extrajudicial knowledge concerning the credibility of LeDeau, a government witness. However, the district judge disclosed the fact that he was acquainted with LeDeau at Garcia's sentencing. Garcia failed to object at that time, and has therefore waived the right to appeal this issue unless the district judge's failure to recuse himself was plain error. See United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). We conclude that the district judge's failure to recuse himself was not plain error.
 
 
 3
 Second, Garcia argues that the evidence was insufficient to determine the amount of narcotics he possessed for purposes of calculating his sentence under the Guidelines. Garcia asserts that the only evidence concerning the quantity of narcotics came from the testimony of witnesses who were testifying pursuant to plea agreements with the government and that their testimony is not credible.
 
 
 4
 The district court's factual findings under the Guidelines are reviewed for clear error. United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993). Findings based on the credibility of witnesses, "if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). We conclude that for sentencing purposes, the testimony of the government's witnesses provided a sufficient basis from which the district court could calculate the amount of narcotics involved.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4